In The
 Court of Appeals
 Seventh District of Texas at Amarillo

--------------------------------------------------------------------------------
No. 07-13-00267-CV
 
 IN RE REBECCA TERRELL,
 CHANDRASHEKHAR THANEDAR, RELATORS 
 
--------------------------------------------------------------------------------
ORIGINAL PROCEEDING
 
 November 25, 2013
 
 ON PETITION FOR WRIT OF MANDAMUS
 
 Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
Relators filed their petition for writ of mandamus on August 9, 2013, requesting that this Court compel the presiding judge of the 223rd District Court of Gray County to hold a hearing and make its rulings on various matters pending before it in trial court cause number 35,621. We deny Relators' petition.
 Procedural History
The presiding judge during much of the relevant time frame, who had recently recused himself on Relators' motion, responded to Relators' petition on August 30, to which Relators replied on September 3. Real Party in Interest, Pampa Independent School District, filed its response to the petition for writ of mandamus on September 17, and Relators replied to that response as well and unsuccessfully moved to strike said response.
Meanwhile, the trial court had scheduled a hearing for October 9 by notice dated August 23. Relators responded to the trial court's notice, asking for clarification of the matters to be heard, to which the trial court answered by letter dated September 17 that "[o]ne full day has been set aside for trial and to hear all matters pending in the case including, but not limited to, pending motions and objections." Days later, Relators sought temporary relief from this Court in the form of an emergency stay of the October 9th proceeding, a request that this Court denied by order dated October 3. See In re Terrell, 07-13-00267-CV, 2013 Tex. App. LEXIS 12918, at *3 - 4 (Tex. App. -- Amarillo Oct. 3, 2013, order) (per curiam); see also Tex. R. App. P. 52.10. On October 18, well after the October 9th hearing was held, Relators filed in this Court a motion for rehearing on their motion seeking an emergency stay of that hearing. Said motion was denied.
On October 25, Pampa ISD filed an amended response to the petition for writ of mandamus, alerting this Court that the October 9th hearing was, in fact, held and that the trial court orally pronounced its ruling on all matters, effectively bringing the pending litigation before it to a close. The response was clear that a final written judgment had not yet been signed. On October 28, Relators replied to Pampa ISD's amended response, maintaining their objection "to proceeding to trial without completing post-remand discovery." 
Since that time, the trial court has signed a final judgment. The written judgment, signed October 25, 2013, orders that Relators, as Plaintiffs below, take nothing by their suit against Pampa ISD, that costs of court be taxed against Relators, and that Pampa ISD recover from Relators $30,000 in attorney's fees.
 Analysis
In their petition for writ of mandamus, Relators have requested that this Court issue a writ of mandamus directing the trial court "(1) to hold hearings on all of plaintiffs' pending motions, and upon hearing, to rule on all of them in 30 days from the date of the Court's mandamus; (2) to conduct proceedings on this Court's specific reasons for remand . . . ; (3) to conduct all other proceedings consistent with this Court's Mandate to bring this suit to a conclusion in an expeditious manner." It appears that the trial court ruled on the matters pending before it on October 9. Regardless of Relators' positions on the propriety of the trial court's rulings, Relators' requests on petition for writ of mandamus have been rendered moot by the trial court's rulings at the October 9th hearing and its October 25th written judgment.
 
 
 Conclusion
Because Relators have been granted the relief they sought by their petition for writ of mandamus, we deny their petition as moot. In re Martinez, 131 S.W.3d 514, 514 (Tex. App. -- El Paso 2004, orig. proceeding) (per curiam); see Tex. R. App. P. 52.8(a).

 Per Curiam